JUDGE MARRERO

Neil Zipkin (NZ 4718)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

ATTORNEYS FOR PLAINTIFFS
Maribel's Sweets, Inc. and
Maribel's Sweets Madison, LLC

07 CIV 7900

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

MARIBEL'S SWEETS, INC. and          :
MARIBEL'S SWEETS MADISON, LLC       :
                                    :    Civil Action No.
            Plaintiffs,             :
                                    :
      v.                            :
                                    :
KAIROS GROUP, INC. and              :
CHUAO CHOCOLATIER, INC.,            :
                                    :
            Defendants.             :

- - - - - - - - - - - - - - - - - - - x

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND CANCELLATION OF U.S. TRADEMARK REGISTRATION

Plaintiffs Maribel's Sweets, Inc. and Maribel's Sweets Madison, LLC (collectively "Maribel's Sweets"), by its attorneys Amster, Rothstein & Ebenstein LLP, for their complaint seeking declaratory relief against defendants Kairos Group, Inc. and Chuao Chocolatier, Inc. (collectively "Defendants") and cancellation of a U.S. Trademark Registration No. 3,087,635 of May 2, 2006, allege as follows:

1.    This is an action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, adjudging and declaring that Maribel's Sweets' use of the designations

377856.1

MAYA, MAYAN, MAYA HOT CHOCOLATE and MAYAN CHOCOLATE BARS, as applied to chocolate bars, hot chocolate, and other related products, does not violate any proprietary rights of Defendants.

2.    This is also an action seeking cancellation of U.S. Trademark Registration No. 3,087,635 of May 2, 2006 for SPICY MAYA for various items of chocolate, pursuant to Section 37 of the Trademark Act, 15 U.S.C. §1119.

## THE PARTIES

3.    Plaintiff Maribel's Sweets, Inc. is a corporation existing under the laws of New York, having an office and place of business at 484 Broome Street, New York, New York 10013.

4.    Plaintiff Maribel's Sweets Madison, LLC is a limited liability company existing under the laws of New York, having an office and place of business at 484 Broome Street, New York, New York 10013.

5.    Upon information and belief, Defendant Kairos Group, Inc. is a corporation organized and existing under the laws of California, having an office and place of business at 2345 Camino Vida Roble, Carlsbad, California 92011.

6.    Upon information and belief, Defendant Chuao Chocolatier, Inc. is a corporation organized and existing under the laws of California, having an office and placed of business at 2345 Camino Vida Roble, Carlsbad, California 92011.

## JURISDICTION AND VENUE

7.    Maribel's Sweets' claims arise under the trademark laws of the United States, Title 15 of the United States Code.

8.    This Court has subject matter jurisdiction over the action pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

9.    Upon information and belief, Defendants are subject to personal jurisdiction in this Judicial District as they are engaged in the offer for sale and sale of chocolate, hot chocolate, snacks, and other similar goods in the State of New York through specialty markets such as Whole Foods, at trade shows in this Judicial District such as the New York Fancy Food Show, and by the use of a website for Chuao Chocolatier (www.chuaochocolatier.com) that allows purchasers to order from, and for delivery to, addresses in the State of New York and in this Judicial District.  Further, Defendants authorized the sending of a written claim of trademark infringement to Maribel's Sweets in this Judicial District.

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c).

## FACTS

MARIBEL'S SWEETS

11.    Maribel's Sweets operates under the well known, federally registered service mark MARIBELLE (U.S. Trademark Registration No. 2,718,837 of May 25, 2003, "the MARIEBELLE Mark"), a retail store (MarieBelle New York) and a website (www.mariebelle.com) to sell chocolates, hot chocolates, candy, confections, specialty teas, as well as gift items such as fine china and candles under the MARIEBELLE Mark.

12.    Many of the items at Maribel's Sweets' retail shop, including chocolate, candy bars, and candies, are packaged in the signature MarieBelle New York

box having a contrasting shade band between the top and bottom of the box, the design of which is the subject of U.S. Trademark Registration No. 2,789,947 of December 2, 2003.

13.    Maribel's Sweets has been providing its retail store services and selling products under the MARIEBELLE Mark (or similar form) since approximately January 1995 and packaging its goods in the signature MarieBelle New York box since approximately September 2000.

14.    Items such as hot chocolate have been packaged in distinctive tins for many years and Maribel's Sweets has also been selling gift boxes comprised of hot chocolate in tins for many years.

15.    On or about March 2007, Maribel's Sweets expanded its line of hot chocolate previously sold under the designations Aztec Hot Chocolate, Spicy Hot Chocolate, Mocha Hot Chocolate and Dark Hot Chocolate to include a line of hot chocolate under the designation "Maya Hot Chocolate" (the "Maya Hot Chocolate Designation")and a line of chocolate bars under the designation "Mayan Chocolate Bar" (the "Mayan Chocolate Bar Designation"). On the packaging, the Maya Hot Chocolate Designation and the Mayan Chocolate Bar Designation appears in brown script lettering with gold shadowing on a light blue diamond, and the primary colors of the packaging are gold, brown and light blue. The MARIEBELLE Mark appears prominently on the packaging. Photographs of products sold under the Maya Hot Chocolate Designation and the Mayan Chocolate Bar Designation are annexed as Exhibit A.

16.    The terms "Maya" and "Mayan" are used descriptively by Maribel's Sweets to refer to the type of chocolate, namely, "single origin Columbian Cocoa." Mayan chocolate comes from Central and South America.

DEFENDANTS

17.    Upon information and belief, Kairos Group, Inc. is the owner of the SPICY MAYA Mark (U.S. Trademark Registration No. 3,087,635 of May 2, 2006) for use in connection with chocolate, hot chocolate, and candies ("the '635 Registration") and alleges use since approximately June 2003.

18.    On or about April 5, 2007, Mr. Ken A. Cariffe, counsel for Defendants, sent a letter to Maribel's Sweets alleging "MarieBelle's use of the names 'Maya Hot Chocolate' and 'Maya [sic] Chocolate Bar' on virtually identical goods constitutes an infringement of the Kairos Group, Inc.'s registered trademark rights" and "MarieBelle's use of a nearly identical container for the Maya Hot Chocolate and packaging labels constitutes trade dress and copyright infringement."  In this letter, counsel for Defendants demanded that Maribel's Sweets "cease and desist further use of the names Maya Hot Chocolate and Maya [sic] Chocolate Bars...."  Counsel for Defendants made further demands that Maribel's Sweets "take the immediate steps to change the design of your labels and that you delete the names from all press releases, advertising and promotional materials, billboards, stationery, business cards, invoices, trucks, signage, website pages and the like" and additionally to give assurances that such actions would be undertaken by April 16, 2007.  A copy of such letter is attached as Exhibit B.

19.     On April 16, 2007, Neil Zipkin, counsel for Maribel's Sweets, sent a letter to counsel for Defendants denying the changes.  First, Mr. Zipkin noted that, assuming the '635 Registration is valid, the rights under the '635 Registration were limited to the composite "Spicy Maya" and could not be properly asserted against use of the term "Maya" *per se* to describe hot chocolate or chocolate bars made from Mayan chocolate.  Further, Mr. Zipkin noted that since the term "Maya" is being used as a geographically descriptive term and since Maya is a well known geographic source of origin for chocolate, Maribel's Sweets' descriptive use of the term is not an infringement of Defendants' trademark rights, citing Section 33(b)(4) of the Trademark Act, 15 U.S.C. § 1115(b)(4).  A copy of the April 16, 2007 letter is attached as Exhibit C.

20.     On or about May 16, 2007, Mr. Zipkin requested a response from counsel for Defendants withdrawing the claim of infringement.  A copy of the May 16, 2007 letter is attached as Exhibit D.

21.     On or about May 24, 2007, counsel for Defendants responded in a letter that, in his opinion, the SPICY MAYA Mark of the '635 Registration could be asserted against the terms Maya Hot Chocolate and the Mayan Chocolate Bar despite the obvious and accepted facts that the packaging is dissimilar and none of the accused Maribel's Sweets products use the modifier "Spicy."  In the conclusion of this letter, counsel for Defendants states "your client must immediately cease and desist further use of the names Maya Hot Chocolate and Maya [*sic*] Chocolate Bars in connection with its chocolate products and mixes or be subject to substantial claims as a result of the infringement and possible unfair business practice."  A copy of the May 24, 2007 letter is attached as Exhibit E.

377856.1

22.    On July 23, 2007, a follow-up e-mail was received from counsel for Defendants demanding a response to the May 24, 2007 letter.  A copy of the e-mail is attached as Exhibit F.

DEFENDANTS USE SPICY MAYA TO DESCRIBE ITS PRODUCTS

23.    Defendants' website describes the products sold under the SPICY MAYA Mark as single-origin Venezuelan chocolate with chile, cayenne and cinnamon spices.  Such a mark is generic or highly descriptive when used in conjunction with such products.

DECLARATORY RELIEF IS NEEDED

24.    As a result of the chain of events set forth above, and most importantly, the May 24, 2007 letter threatening suit and the July 23, 2007 follow-up e-mail, Defendants have created a case or controversy as to the validity and infringement of the SPICY MAYA mark and the '635 Registration.  Maribel's Sweets has a reasonable apprehension and fear that litigation will be commenced against it by Defendants in connection with its use of the descriptive terms Maya Hot Chocolate and the Mayan Chocolate Bar on its products.

**COUNT I - DECLARATION OF NON-INFRINGEMENT**

25.    Maribel's Sweets repeats and realleges the preceding paragraphs as if fully set forth in this paragraph.

26.    Maribel's Sweets' use of the terms "Maya" or "Mayan" *per se*, "Maya Hot Chocolate" and/or "Mayan Hot Chocolate" in connection with chocolate products is a use other than as a trademark to fairly describe the products sold by Maribel's Sweets

and does not infringe the SPICY MAYA Mark for chocolate products or the '635 Registration under Section 32 of the Trademark Act, 15 U.S.C. § 1114(1).

## COUNT II - DECLARATION OF NON-INFRINGEMENT

27.     Maribel's Sweets repeats and realleges the preceding paragraphs as if fully set forth in this paragraph.

28.     Maribel's Sweets' use of the terms "Maya" *per se*, "Maya Hot Chocolate and "Mayan Chocolate Bar" does not constitute infringement of the SPICY MAYA Mark or the '635 Registration under Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III - DECLARATION OF INVALIDITY
## OF THE '635 REGISTRATION

29.     Maribel's Sweets repeats and realleges the preceding paragraphs as if fully set forth in this paragraph.

30.     The '635 Registration for the SPICY MAYA Mark is generic, descriptive and invalid when applied to chocolate from the Mayan region that contains chile, pepper, cinnamon and/or other spices.

## COUNT IV - CANCELLATION OF TRADEMARK REGISTRATION

31.     Maribel's Sweets repeats and realleges the preceding paragraphs as if fully set forth in this paragraph.

32.     The use of the term SPICY MAYA by Defendants for chocolate products from the Mayan region containing added spices is generic or is primarily merely geographically descriptive and not capable of functioning as a trademark.  Therefore, the

377856.1

'635 Registration for the SPICY MAYA Mark should be cancelled pursuant to Section 37 of the Trademark Act, 15 U.S.C. §1119.

### PRAYER FOR RELIEF

WHEREFORE, Maribel's Sweets prays for judgment as follows:

A. A final judgment that the use of the terms "Maya," "Mayan," "Maya Hot Chocolate," and "Mayan Chocolate Bar" and/or other similar marks by Maribel's Sweets in connection with chocolate and hot chocolate, as well as candy, confections, and gift items including, without limitation, the Maya Hot Chocolate and the Mayan Chocolate Bar does not violate any proprietary rights belonging to Defendants.

B. An injunction restraining and enjoining Defendants, or any of its respective officers, agents, servants, employees and attorneys, and any party in privity with any of them, from asserting or threatening infringement of any rights under Section 32 of the Trademark Act, 15 U.S.C. § 1114(1) or under Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a) against Mirabel's Sweets, its respective officers, agents, servants, employees and attorneys, or any of its customers based on use of the terms "Maya," "Maya Hot Chocolate" or "Mayan Chocolate Bar."

C. An Order instructing the Director of the United States Patent and Trademark Office to cancel the '635 Registration of the SPICY MAYA Mark pursuant to Section 37 of the Trademark Act, 15 U.S.C. §1119.

D. Such other and further relief as this Court may deem just and proper.

377856.1

Respectfully submitted,

Dated: New York, New York
       September 7, 2007

By _____

Neil Zipkin (NZ 4718)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Plaintiffs Maribel's Sweets, Inc.
  and Maribel's Sweets Madison, LLC
90 Park Avenue
New York, New York  10016
(212) 336-8000

# EXHIBIT A







The best hot chocolate you've ever tasted!

**EUROPEAN STYLE**

In a heat-safe container, add 1C MarieBelle Hot Chocolate powder to 1C boiling water. Stir until smooth and well melted. If chocolate pieces do not melt completely, steam, simmer, or microwave, for 30 seconds. If you prefer your drink less thick, add more boiling water. Makes 4 espresso sized cups. If desired, add sweetener of your choice, and serve with a dollop of whipped cream.

**AMERICAN STYLE**

In a heat-safe container, add ¼ C of MarieBelle Hot Chocolate powder to ½ C of just boiling milk. Stir until smooth and well melted. If chocolate pieces do not melt completely, steam, simmer, or microwave, for 30 seconds. Makes 1 mug. If desired, add sweetener of your choice, and serve with a dollop of whipped cream.

**CRÈME DE CHOCOLAT**

Mix 1½ C of MarieBelle Hot Chocolate powder to 1C boiling water. Stir until smooth and well melted. Then steam, simmer, or microwave, for 20 seconds. Place in ramekin(s). Chill for 2 hours. Serve with a dollop of whipped cream, if desired.



THE CACAO BEAN, DISCOVERED OVER 2,000 YEARS AGO, WAS
REVERED BY THE ANCIENT MAYANS BECAUSE THEY BELIEVED
THAT THE BEAN HELD THE SECRET TO GOOD HEALTH, VITALITY
AND FERTILITY. THE MAYANS WOULD MIX THE CACAO WITH
BOILING WATER TO CREATE A DRINK CALLED "XOCOATL" OR
"BITTER WATER". THIS DRINK WAS ENJOYED WITHOUT THE
ADDITION OF SUGAR, IN ORDER TO PROVIDE THE FULL BENEFIT
OF THE MYSTERIOUS CACAO. MARIEBELLE IS PROUD TO
INTRODUCE ITS OWN VERSION OF THE MAYAN CHOCOLATE
DRINK, MADE USING THE RICHEST, DARKEST CHOCOLATE
WITHOUT ANY SWEETENERS. TRULY A "DRINK OF THE GODS!"

### MARIEBELLE'S
FINE TREATS & CHOCOLATES
484 BROOME STREET, NY, NY 10013
212-925-6999
WWW.MARIEBELLE.COM

| Each serving, based on | ⅛ cup of powder with milk or water: | | Ingredients: Colombian |
|---|---|---|---|
| | with milk | with water | chocolate 70%, cocoa |
| | 8 oz milk | 8 oz water | butter 30%, milk, cornstarch. |
| Calories | 370 | 111 | Natural flavorings may |
| Total fat | 17g | 16g | include: coffee, chipotle, |
| Saturated fat | 10g | 6.5g | ancho chile, cinnamon |
| Trans fat | 0g | 0g | and nutmeg. |
| Net carb. | 25g | 20g | |
| Fiber | 3g | 3g | Packaging made in China. |
| Protein | 8g | 5g | |

Store in a cool & dry place.







**Nutrition Facts**
Serving Size: (40 g)
Servings per Container 2.5

Amount per Serving

Calories 150          Calories from Fat 150

% Daily Value*

Total Fat 16 g ................................... 25%
  Saturated Fat 10 g ......................... 50%
  Trans Fat 0.6 g
  Polyunsaturated Fat 0.5 g
  Monounsaturated Fat 5 g
Cholesterol 5 mg .............................. 2%
Sodium 10 mg ................................... 2%
Total Carbohydrate 19 g ................... 6%
  Dietary Fiber 5 g ........................... 20%
  Sugar 0 g
Protein 6 g

Vitamin A  0%        •      Vitamin C  0%
Calcium  10%         •      Iron  10%

*Percent Daily Values are based on a 2,000 calorie diet.
Your daily values may be higher or lower depending on
your calorie needs.

|  | Calories | 2,000 | 2,500 |
|---|---|---|---|
| Total Fat | Less Than | 65 g | 80 g |
| Saturated Fat | Less Than | 20 g | 25 g |
| Cholesterol | Less Than | 300 mg | 300 mg |
| Sodium | Less Than | 2,400 mg | 2,400 mg |
| Total Carbohydrate | | 300 g | 375 g |
| Fiber | | 25 g | 30 g |

Calories per gram:
Fat 9 • Carbohydrate 4 • Protein 4

MAYAN CHOCOLATE BAR
70% SINGLE ORIGIN
COLOMBIAN CACAO
UNSWEETENED

Ingredients: Cocoa mass, skim milk
powder, cocoa powder, cocoa butter,
whole milk powder, (emulsifier) (E322):
soy lecithin, PGPR: 90 polyglycerol
polyricinoleate (emulsifier),
natural vanilla.
Made in a facility which processes
peanut, tree nuts and milk. Store in a
dry and cool place.

DISTRIBUTED BY
MARIEBELLE ™
FINE TREATS & CHOCOLATES
484 BROOME STREET
NEW YORK, NY 10013
866-925-8800
WWW.MARIEBELLE.COM

Best Before:

MADE IN COLOMBIA

NET WT. 3,52 oz (100 g)



**Nutrition Facts**
Serving Size: (40 g)
Servings per Container 2.5

Amount per Serving

Calories 150          Calories from Fat 140

% Daily Value*

Total Fat 15 g ................................... 22%
  Saturated Fat 9 g ........................... 40%
  Trans Fat 0.6 g
Cholesterol 0 mg .............................. 0%
Sodium 10 mg ................................... 0%
Total Carbohydrate 18 g ................... 6%
  Dietary Fiber 5 g ........................... 20%
  Sugar 10 g
Protein 4 g

Vitamin A  0%        •      Vitamin C  0%
Calcium  4%          •      Iron  10%

*Percent Daily Values are based on a 2,000 calorie diet.
Your daily values may be higher or lower depending on
your calorie needs.

|  | Calories | 2,000 | 2,500 |
|---|---|---|---|
| Total Fat | Less Than | 65 g | 80 g |
| Saturated Fat | Less Than | 20 g | 25 g |
| Cholesterol | Less Than | 300 mg | 300 mg |
| Sodium | Less Than | 2,400 mg | 2,400 mg |
| Total Carbohydrate | | 300 g | 375 g |
| Fiber | | 25 g | 30 g |

Calories per gram:
Fat 9 • Carbohydrate 4 • Protein 4

MAYAN CHOCOLATE BAR
75% SINGLE ORIGIN
COLOMBIAN CACAO
WITH PANELA

INGREDIENTS: Cocoa mass, cocoa
powder, cocoa butter, evaporated cane
juice, sugar, milk powder, potato
starch, (emulsifier) (E322) soy lecithin,
natural vanilla.
Made in a facility which processes
peanut, tree nuts and milk. Store in a
dry and cool place.

DISTRIBUTED BY
MARIEBELLE ™
FINE TREATS & CHOCOLATES
484 BROOME STREET
NEW YORK, NY 10013
866-925-8800
WWW.MARIEBELLE.COM

Best Before:

MADE IN COLOMBIA

NET WT. 3,5 oz (100 g)

# EXHIBIT B

# WORDEN WILLIAMS APC

*Representing Public Agencies, Private Entities, and Individuals*

April 5, 2007

**Via Facsimile & Fed Ex**

Maribel Lieberman
Maribel's Sweets, Inc./Maribel's Sweets Madison, LLC
484 Broome Street
New York, New York 10013-2213

Re:    Infringement of United States Registered Trademark No. 78632720
SPICY MAYA (chocolates, chocolate candies, chocolate bars, hot
chocolate, chocolate powder, et al.)

Dear Ms. Lieberman:

This firm represents Kairos Group, Inc., a California corporation with headquarters
in Carlsbad, California and its associated company Chuao Chocolatier, Inc.
Chuao Chocolatier sells a wide variety of chocolate products including Spicy Maya
Hot Chocolate and Spicy Maya Chocolate Bars under the Spicy Maya trademark.
Spicy Maya Hot Chocolate and Spicy Maya Chocolate Bars are distributed
throughout the United States in specialty markets such as Whole Foods, on its
website and through its Chuao Chocolatier retail stores. Spicy Maya Hot
Chocolate and Spicy Maya Chocolate Bars have been featured at the New York
Fancy Food Show and in magazines and newspapers features throughout the
United States.

Our attention has been directed to your recent introduction and use of the names
"Maya Hot Chocolate" and "Maya Chocolate Bar(s)" to identify MarieBelle's new
hot chocolate and chocolate bar line. Kairos Group has been selling its highly
successful Spicy Maya Chocolate line since at least as early as June, 2003. The
success of its Spicy Maya Chocolate products have been so dramatic that the mark
has acquired secondary meaning in that short amount of time. Sales have
increased dramatically since the introduction of the brand. As a result of
substantial investment and unprecedented success of the Spicy Maya Chocolate
line, the Spicy Maya trademark has naturally become very familiar to its many
consumers.

AREAS OF PRACTICE

PUBLIC AGENCY

LAND USE AND
ENVIRONMENTAL

REAL ESTATE

PERSONAL INJURY

ESTATE PLANNING
AND ADMINISTRATION

CIVIL LITIGATION

BUSINESS

ATTORNEYS

TRACY R. RICHMOND

D. WAYNE BRECHTEL

KEN A. CARIFFE

TERRY M. GIBBS

KRISTEN McBRIDE

KEITH A. LIKER

D. DWIGHT WORDEN
Of Counsel

W. SCOTT WILLIAMS
Of Counsel

OFFICE

462 STEVENS AVENUE
SUITE 102
SOLANA BEACH
CALIFORNIA
92075

(858) 755-6604 TELEPHONE
(858) 755-5198 FACSIMILE

www.wordenwilliams.com

W

Due to its growing reputation for the best quality and very flavorful chocolates, and through extensive investment and promotion, The Kairos Group, Inc., has, under the name Chuao Chocolatier, developed extremely valuable good will in the Spicy Maya Chocolate brand, which appears on chocolate bars, chocopods, hot chocolate tins, packages and cases, in its advertising, on its website, signage and the like. As a result of our clients' extensive use of the Spicy Maya line of chocolate products, unsolicited press attention to the products and ongoing promotion the mark, has come to be uniquely and exclusively associated with Chuao Chocolatier and its confectionary products. Moreover, the United States Patent and Trademark Office has granted the Kairos Group a Trademark Registration No. 78632720 for Spicy Maya (chocolates, chocolate candies, chocolate bars, hot chocolate, chocolate powder, et al.) on the Principal Register. MarieBelle's use of the names "Maya Hot Chocolate" and Maya Chocolate Bar"on virtually identical goods constitutes an infringement of the Kairos Group, Inc.'s registered trademark rights, as well as unfair in violation of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. Section 1051 et seq.

In addition, MarieBelle's use of a nearly identical container for the Maya Hot Chocolate and packaging labels constitutes trade dress and copyright infringement. The Kairos Group, Inc. sets a standard for quality in the high end single origin chocolate market, as its many customers at the retail and wholesale levels will confirm. Confusion could lead to substantial damage to our client in terms not only of loss of sales, but, perhaps worse, injury to its reputation in the event that your products are not commensurate with those of The Kairos Group.

Under the circumstances, we demand that you forthwith cease and desist further use of the names Maya Hot Chocolate and Maya Chocolate Bars in connection with your chocolate products and mixes. We further demand that you take immediate steps to change the design of your labels and that you delete the names from all press releases, advertising and promotional materials, billboards, stationery, business cards, invoices, trucks, signage, website pages and the like.

We wish to receive your assurances by April 16, 2007 that you will discontinue all use of the names "Maya Hot Chocolate" and "Maya Chocolate Bar" as outlined above, and that you will also discontinue use of the infringing label design and trade dress as well. If you fail to so advise us by that date, our client shall, without further notice to you, take such action as it deems advisable to assert its statutory right to recover damages, lost profits, and the costs thereof, and to otherwise protect its interests.

Please be advised that this letter is written for the purpose of reaching an amicable understanding and is in no way intended to waive any of our client's claims, rights or remedies, all of which remain expressly reserved.

W

I look forward to discussing these issues with you further.

Sincerely,

WORDEN WILLIAMS, APC

Ken A. Cariffe
kac@wordenwilliams.com

KAC:lg

cc:    Richard Antonorsi

# EXHIBIT C

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016
Main    212 336 8000
Fax     212 336 8001
Web    www.arelaw.com

*Partners*
Morton Amster
Jesse Rothstein (1934-2003)
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold

Kenneth M. Be…
Joseph M. Casino
Michael V. Solomita

*Senior Counsel*
Charles R. Macedo
John S. Economou
Marion P. Metelski

*Associates*
Patrick Boland*
Holly Pekowsky
Michael P. Kenney

Max Vern
Karl J. Kolbinger
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
Elie H. Gendloff, Ph.D.
David Mitnick
Charles W. Rath
David A. Boag
Matthieu Hausig
Jung S. Hahm
Reiko Kaji
Alan D. Miller, Ph.D.

Norajean McCaffrey
Benjamin M. Halpern
Matthew A. Fox
Michael J. Kasdan
Rebecca R. Eisenberg
Jason M. Rockman
Stuart Shapley
Howard Wizenfeld

*Not admitted in New York

April 16, 2007

Neil M. Zipkin
Direct 212 336 8120
E-mail nzipkin@arelaw.com

<u>Via Facsimile & FedEx</u>

Ken A. Cariffe, Esq.
Worden Williams APC
162 Stevens Avenue
Suite 102
Solana Beach, CA  92075

       Re:    Maribel's Sweets, Inc.
              Kairos Group, Inc.
              <u>Our File: 53617/14</u>

Dear Mr. Cariffe:

Our firm is intellectual property counsel for Maribel's Sweets, Inc.  Your letter of April 5, 2007 sent to Maribel Lieberman was forwarded to us for response.

Your letter charges that the use of the names "Maya Hot Chocolate" and "Maya Chocolate Bars" to identify MariBelle's hot chocolate and chocolate bar line violates your clients rights under its U.S. Trademark registration No. 3,087,6345 for the mark SPICY MAYA.  We disagree with your charge.

First, to the extent your client's purported rights in the term SPICY MAYA are valid, such trademark rights are limited to the composite.  Clearly, your client can claim no rights on the term "Maya" per se since such term is geographically descriptive and well associated with chocolate.

We reviewed the records of the Patent and Trademark Office and learned that although the Examiner handling the prosecution of your client's trademark application did not raise such issue, the Patent and Trademark Office takes the position that the phrase "Maya Chocolate" for use in connection with chocolate and cocoa products is description.  Specifically, in March of 2006, an individual located in the state of Washington filed trademark application serial no. 78/834,425 seeking to register the mark MAYA CHOCOLATE for use in conjunction with chocolate and cocoa products,

366804.1

Ken A. Cariffe, Esq.                    -2-                    April 13, 2007

confections, desserts, candies, baked goods, coffee, tea and specialty beverages. The application was rejected, *inter alia*, on the grounds of descriptiveness "since the mark merely describes a feature of the applicant's goods, i.e. that the goods contain 'Mayan Chocolate.'" In addition, the Examiner made the following determination:

> "as shown in the attached definition, Maya refers to persons or things from the Mayan region or culture in Mexico. As shown by the attached articles found on Google, Mayan chocolate is well-known throughout the world, and it is a particular type of chocolate or chocolate flavor."

Subsequent to the receipt of the Office Action the application was abandoned. The file history is available on the USPTO website.

The "articles" referred to by the Examiner included an advertisement by Haagen-Dazs for an ice-cream flavor known as "Mayan Chocolate" which, according to the Haagen-Dazs website was "inspired by the original chocolate crafted by the Mayan's more than 2500 years ago, we blend rich dark chocolate with a hint of cinnamon for a magical Mayan offering". There was also a recipe for chocolate "the authentic Mayan recipe".

Our search of the internet found still other usages of Maya/Mayan in conjunction with chocolate in a descriptive sense including a "recipe for hot chocolate Mayan style". There is a Hispanic culture site which describes chocolate as "Mayan Gold". We found that gourmetslueth.com is offering a "Mayan chocolate beverage kit" and the University of Pennsylvania Museum has an annual Maya weekend which included "Maya Chocolate and Precious Delights". A chocolate bar is offered by Laribar as a "Maya organic chocolate bar". If you cannot find these materials on the internet, please advise and we will send you copies.

In view of the above, there is no way that your client's registration of the mark SPICY MAYA can properly be asserted against Maribel Sweet's use of Maya Hot Chocolate or Maya Chocolate Bar.

Further, whether or not your client has a valid trademark registration for a term which includes the word "Maya", Section 33 (b)(4) of the Trademark Act provides that it is a defense to a charge of trademark infringement if "the use of the name, term or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods ... or their geographic origin." (15 U.S.C. §1115 (b)(4)). As with your company's "Maya" chocolate, Maribels' Sweets' Maya Chocolate comes from South America. Thus, the term "Maya" is both descriptive of the goods and their geographic origin.

366804.1

Ken A. Cariffe, Esq.                    -3-                    April 16, 2007

We have inspected Maribel's Sweets' website and the packaging used for both products and believe it is apparent that the term is always used descriptively and not as a trademark.

For the reasons set forth herein, on behalf of Maribel's Sweets, we demand that your client withdraw its claim of trademark infringement and that it acknowledge that it will not seek to interfere with out client's lawful use of this descriptive term in the future.

We expect a prompt reply to this letter.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Neil M. Zipkin

cc:  Maribel Lieberman
NMZ:vlj

366804.1

# EXHIBIT D

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016
Main   212 336 8000
Fax    212 336 8001
Web    www.arelaw.com

| Partners | | | |
|---|---|---|---|
| Morton Amster | Kenneth M. Bern | Max Vern | Norajean McCaffrey |
| Jesse Rothstein (1934 - 2005) | Michael V. Solomita | Karl J. Kolbinger | Benjamin M. Halpern* |
| Daniel Ebenstein | | Brian A. Comack | Matthew A. Fox |
| Philip H. Gottfried | *Senior Counsel* | Richard S. Mandaro | Michael J. Kasdan |
| Michael J. Berger | Charles R. Macedo | Marc J. Jason | Jason M. Rockman |
| Neil M. Zipkin | John S. Economou | Elie H. Gendloff, Ph.D. | Stuart Shapley |
| Anthony F. Lo Cicero | Marion P. Metelski | David Mitnick | Howard Wizenfeld |
| Kenneth P. George | | Charles W. Rath | Steven B. Gauthier |
| Abraham Kasdan, Ph.D. | *Associates* | David A. Boag | |
| Ira E. Silfin | Patrick Boland* | Matthieu Hausig | |
| Chester Rothstein | Holly Pekowsky | Jung S. Hahn | |
| Craig J. Arnold | Michael P. Kenney | Reiko Kaji | |
| | | Alan D. Miller, Ph.D. | *Not admitted in New York.* |

May 16, 2007

Neil M. Zipkin
Direct 212 336 8120
E-mail nzipkin@arelaw.com

<u>Via Facsimile</u>

Ken A. Cariffe, Esq.
Worden Williams APC
162 Stevens Avenue
Suite 102
Solana Beach, CA  92075

Re:  Maribel's Sweets, Inc.
       Kairos Group, Inc.
       <u>Our File: 53617/14</u>

Dear Mr. Cariffe:

Please let us know when we can expect a letter withdrawing the claim of trademark infringement made against Maribel's Sweets, Inc. on behalf of Kairos Group, Inc. on April 5, 2007.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Neil M. Zipkin

cc:  Maribel Lieberman
NMZ:vlj

369662.1

# EXHIBIT E

# WORDEN WILLIAMS APC

*Representing Public Agencies, Private Entities, and Individuals*

May 24, 2007

**Via Facsimile & U.S. Mail**



Neil M. Zipkin, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, New York 10016

Re:    Infringement of United States Registered Trademark No. 78632720
       SPICY MAYA (chocolates, chocolate candies, chocolate bars, hot
       chocolate, chocolate powder, et al.)

Dear Mr. Zipkin:

We are in receipt of your response letter dated April 16, 2007 and have had the opportunity to discuss the letter with our client. We disagree with the premise and content of your response letter and again demand that Mirabel Sweets, Inc. (and related entities) immediately discontinue all use of the names "Maya Hot Chocolate" and "Maya Chocolate Bar" as these marks: (1) are highly similar to The Kairos Group, Inc.'s registered marks; (2) are placed on identical goods; and, (3) have similarities so great as to be likely to cause confusion, to cause mistake, or to deceive.

## *Du Pont Factors*

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. (In re *E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).) Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. (In re *National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); In re *August Storck* KG, 218 USPQ 823 (TTAB 1983); In re *Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978);

AREAS OF PRACTICE

PUBLIC AGENCY

LAND USE AND
ENVIRONMENTAL

REAL ESTATE

PERSONAL INJURY

ESTATE PLANNING
AND ADMINISTRATION

CIVIL LITIGATION

BUSINESS

ATTORNEYS

TRACY R. RICHMOND

D. WAYNE BRECHTEL

KEN A. CARIFFE

TERRY M. GIBBS

KRISTEN McBRIDE

KEITH A. LIKER

D. DWIGHT WORDEN
*Of Counsel*

W. SCOTT WILLIAMS
*Of Counsel*

OFFICE

462 STEVENS AVENUE
SUITE 102
SOLANA BEACH
CALIFORNIA
92075

(858) 755-6604 TELEPHONE
(858) 755-5198 FACSIMILE

www.wordenwilliams.com



Neil M. Zipkin<br>
May 24, 2007<br>
Page 2

TMEP §§1207.01 et seq.)

**Comparison of the Marks**

Our client's Spicy Maya Hot Chocolate registered mark compared with your client's unauthorized use of Maya Hot Chocolate creates a similar commercial impression because they share the identical dominant phrase "Maya Hot Chocolate." The only difference between the marks is our client's use of the additional term "Spicy." However, this difference does not present a separate commercial impression nor obviate the overall similarity of the marks.

Please note that the mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion. (See, *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) (**"GASPAR'S ALE and "JOSE GASPAR GOLD"**); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) (**"BENGAL" and "BENGAL LANCER"**); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) (**"THE LILLY" and "LILLI ANN"**); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (**"CAREER IMAGE" and "CREST CAREER IMAGES"**); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) (**"ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"**); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) (**"HEAD START" and "HEAD START COSVETIC"**); TMEP §1207.01(b)(iii).)

**Comparison of the Goods**

The goods of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. (*In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); In re Rexel Inc., 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978).)

In the instant case, the applicant's goods are identical to the goods in the Kairos Group, Inc.'s registration. Each comprise chocolates, and thus can be found in the same channels of trade such that the average consumer would be likely to believe that the goods come from a common source. Please note that when the goods of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as



Neil M. Zipkin
May 24, 2007
Page 3

great as would apply with diverse goods or services. (*Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), cert. denied 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).)

### Conclusion

The marks are highly similar. The goods are identical. Your arguments that the "Spicy Maya" registered mark is merely descriptive defies the fact of its registration on the Principal Register and the refusal of similar applications such as "Maya Gold," in part due to the registration of "Spicy Maya." The similarities among the marks and the goods are so great as to create a likelihood of confusion among consumers. Accordingly, your client must immediately cease and desist further use of the names Maya Hot Chocolate and Maya Chocolate Bars in connection with its chocolate products and mixes or be subject to substantial claims as a result of the infringement and possible unfair business practice.

Please provide prompt confirmation of your client's compliance with this demand.

Sincerely,

WORDEN WILLIAMS, APC

Ken A. Cariffe
kac@wordenwilliams.com

KAC:lg

cc:    Richard Antonorsi

# EXHIBIT F

## Neil Zipkin

| | |
|---|---|
| **From:** | Ken Cariffe [kac@wordenwilliams.com] |
| **Sent:** | Monday, July 23, 2007 2:47 PM |
| **To:** | Neil Zipkin |
| **Subject:** | MarieBelle |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Mr. Zipkin,

We have not received any response from your office since our May 24th correspondence reasserting the Kairos Groups claim of infringement and demand that Mariebelle cease and desist further use of Maya Hot Chocolate. Our client is conferring with us today on the issue. Please contact me as soon as practicable as to how your client intends to resolve this, if at all.

Sincerely,

Ken Carifffe

---

Ken A. Cariffe, Attorney at Law
**Worden Williams, APC**
462 Stevens Avenue, Suite 102
Solana Beach, CA 92075
phone: 858-755-6604
fax: 858-755-5198
e-mail: *kac@wordenwilliams.com*
web site: *www.wordenwilliams.com*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, copy, or forward this E-mail message. If you have received this E-mail in error, please notify the sender and delete the E mail from your records. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8/21/2007